STATE OF MAINE
KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No.: 13-AP-020

JCN-KEN- 9/23/2013

MATTHEW J. HARRIMAN,

Petitioner

**DECISION AND ORDER**

v.

DEPARTMENT OF HEALTH AND
HUMAN SERVICES,

Respondent

This matter is before the Court on Petitioner's request for judicial review of the Hearing Officer's refusal to credit Petitioner for two child support payments. More specifically, Petitioner challenges the Hearing Officer's determination that Petitioner did not make payments of $5,800 and $6,400 as Petitioner maintained.

PROCEDURAL AND FACTUAL BACKGROUND

The record revealed that Petitioner and Bethany Cyr, f/k/a, Bethany Folsom, are the parents of a minor child, Brianna Harriman. On January 13, 2010, the District Court ordered Petitioner to pay $108 each week in child support. In September 2012, Ms. Cyr requested Respondent's assistance in the collection of Petitioner's child support obligation.

On December 10, 2012, in accordance with its statutory authority, Respondent issued a notice of debt by which Respondent asserted that Petitioner was in arrears in his child support payments. Petitioner subsequently requested an administrative hearing on

1

the notice of debt. The Hearing Officer conducted the hearing on January 16, 2013, at which hearing Petitioner and Ms. Cyr appeared with counsel.

At the hearing, Petitioner testified that he made two payments for which Respondent did not give him credit. He asserted that he made a $6,400 payment on August 18, 2012, and a payment in the amount of $5,800 on November 18, 2012. Petitioner provided the Hearing Officer with two receipts signed by Ms. Cyr, which receipts purport to reflect that on those dates, Petitioner paid Ms. Cyr the $108 weekly payment and the additional amounts of $6,400 and $5,800 to be applied to the child support arrearage.

Ms. Cyr, however, testified that Petitioner never made the two payments. In contrast to Petitioner's testimony, Ms. Cyr testified that when she signed the receipts, each receipt listed only $108 as the payment. In other words, Ms. Cyr maintained that the receipts were altered after she signed them. She also stated that although Petitioner had given her copies of other receipts that she signed, Petitioner did not provide her with receipts that she contends were altered. Thus, while Ms. Cyr had receipts for other payments made by Petitioner, Ms. Cyr did not have receipts for the two disputed payments.

Petitioner asserts that he made the payments from cash that he had accumulated by making various withdrawals from his bank account, which cash he maintained in a safe at his home. At the conclusion of the hearing, the Hearing Officer left the record open to permit the parties to submit bank records that might corroborate their respective positions. Though Petitioner submitted bank records that showed that he made

2

withdrawals from his account between June and December 2012, Petitioner's records were not necessarily consistent with his testimony.

On March 29, 2013, the Hearing Officer issued a decision in which the Hearing Officer determined that Petitioner's total child support obligation for the period in question (January 8, 2010 through December 10, 2012) was $16,524, of which amount Petitioner had paid $4,708. The Hearing Officer thus determined that Petitioner owed $11,816 in child support arrears.

The Hearing Officer specifically determined that Petitioner had not satisfied his burden to establish that he had made the two disputed payments of $6,400 and $5,800. The Decision discussed the quality of the evidence on the issue as follows:

> Regarding the two large payments ($5,800 and $6,400), the evidence is not conclusive. Both parents were quite consistent and adamant in their positions. All the submitted information regarding deposits and withdrawals in the bank accounts basically supported what the parents had testified to. As [Petitioner's counsel] argued, it is strange that these two major payments are not among the very few for which Ms. Cyr claims she did not receive a receipt, but it is also unusual, in the hearing officer's view, for someone to save money over time, in rather small amounts, by stashing it away in a private safe rather than in a bank for the purpose of paying off a significant debt. That these two receipts have write-overs, where few of the others do, detracts from Mr. Harriman's credibility. The hearing officer found Mr. Harriman's explanation of how he had been able to come up with $12,200 to pay Ms. Cyr over the course of three months, given his income and expense levels, to be rather doubtful. The hearing officer found Mr. Harriman's explanation of why he did not have a better record of these large payments such as by paying them by check or money order (because, he said, a receipt was insufficient), was also rather doubtful.

(Certified Record, *Decision at 6*).

## DISCUSSION

In its review of agency action, the Court is "limited to the record upon which the agency decision was based ..." 5 M.R.S. § 11006(1). The Court reviews "decisions

made by an administrative agency for errors of law, abuse of discretion, or findings of fact not supported by the record." *Save Our Sebasticook, Inc. v. Bd. of Envtl. Prot.*, 2007 ME 102, ¶ 13, 928 A.2d 736, 740 (quotation marks omitted). In this review, the Court "shall not substitute its judgment for that of the agency on questions of fact." 5 M.R.S. § 11007(3).

"An administrative decision will be sustained if, on the basis of the entire record before it, the agency could not have fairly and reasonably found the facts as it did. Inconsistent evidence will not render an agency decision unsupported. The burden of proof rests with the party seeking to overturn the agency's decision. That party must prove that no competent evidence supports the [agency's] decision." *Seider v. Board of Examiners of Psychologists*, 2000 ME 206, ¶ 9, 762 A.2d 551, 555 (citations omitted).

Here, the Hearing Officer understandably focused on the credibility of the evidence regarding Petitioner's purported payments. After reviewing the evidence, the Hearing Officer determined that the evidence upon which Petitioner relied was "doubtful." In other words, the Hearing Officer did not find the evidence credible. Assessing credibility is an essential obligation of and the province of a fact finder, such as the Hearing Officer. The Hearing Officer not only found Petitioner's evidence to lack credibility, but the Hearing Officer provided a logical, sound explanation of the questions generated by Petitioner's evidence. Given Ms. Cyr's testimony that Petitioner did not make the payments, and given the legitimate credibility issues noted by the Hearing Officer about Petitioner's testimony and evidence, the Hearing Officer's decision to reject Petitioner's request that Respondent credit Petitioner with the two disputed payments is supported by substantial evidence on the record.

4

## CONCLUSION

Based on the foregoing analysis, the Court denies Petitioner's request that the Court vacate or overturn the decision of the Hearing Officer, and affirms the Hearing Officer's decision.

Pursuant to M.R. Civ. P. 79(a), the Clerk shall incorporate this Decision and Order into the docket by reference.

Dated: 9/23/13

_____
Justice, Maine Superior Court

Action: <u>Petition for Review</u>
     80C

**F**

**J. Nivison**

| Matthew J. Harriman | VS. | Department of Health and Human Services |
|---|---|---|

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Tammy Ham-Thompson, Esq.<br>PO Box 120<br>Gardiner, ME 04345 | Carlos Diaz, AAG<br>415 Congress Street, Suite 301<br>Portland, ME 04101<br><br>Jennifer M. Bryant (For Bethany Folsom Cyr)<br>PO Box 182<br>Augusta, ME 04332 |

Date of Entry

| | |
|---|---|
| 5/2/13 | Petition For Judicial Review of Final Agency Action, filed s/Ham-Thompson, Esq. |
| 5/8/13 | Letter entering appearance and indicating Record was requested, filed. s/Diaz, AAG |
| 5/21/13 | Proof of Service by mail, filed. s/Ham-Thompson, Esq. |
| 5/21/13 | Certified Record, filed. s/Diaz, AAG |
| 5/21/13 | Notice and Briefing Schedule issued. Copy to s/Ham-Thompson, s/Diaz, AAG |
| 5/22/13 | Entry of Appearance, filed. s/Bryant, for Bethany Folsom Cyr who would like to participate in review. |
| 6/5/13 | Copy of Notice and Briefing Schedule mailed to Atty Bryant. |
| 7/2/13 | Brief of Petitioner, filed 7/1/13. s/Ham-Thompson, Esq. |
| 7/12/13 | Brief of Respondent's, filed. s/Diaz, AAG |
| 7/31/13 | Brief of Petitioner, filed (7/26/13). s/Ham-Thompson, Esq. |
| 8/2/13 | Brief of Bethany Folsom Cyr, Party to Agency Proceeding, filed 7/31/13. s/Bryant, Esq. |
| 8/14/13 | Hearing Scheduled for 9/4/13 at 10:45 a.m.<br>Notice of Hearing sent to parties |
| 8/15/13 | Harriman reply brief to Bethany Folsom Cyr's brief, filed (8/15/13). s/Ham-Thompson, Esq. |
| 9/4/13 | Oral argument held, J. Nivison presiding.<br>Tammy Ham-Thompson, Esq. for Petitioner; Carlos Dias, AAG, for Respondent; |

Jennifer Bryant, Esq. for PII Cyr.
Tape 1731, Index 4328-5673.
Under advisement.

9/26/13    DECISION AND ORDER, Nivison, J. (9/23/13)
Based on the foregoing analysis, the Court denies Petitioner's request that the Court vacate or overturn the decision of the Hearing Officer, and affirms the Hearing Officer's decision.
Copy to Ham-Thompson, Esq., Dias, AAG, Bryant, Pro Se.
Copy to Repositories

9/26/13    Notice of removal of record/exhibits mailed to Dias, AAG.